UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES L. SHILLENN, III,

               Plaintiff,     1:17-cv-01225-MAT
                                  **DECISION AND ORDER**
              -v-

Commissioner of Social Security,

               Defendant.
_____

## INTRODUCTION

James L. Shillenn, III ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"), denying his application for Disability Insurance Benefits ("DIB"). Docket No. 1. The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Docket Nos. 8, 14, 16. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted, and Defendant's motion is denied. The case is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## PROCEDURAL BACKGROUND

On November 21, 2013, Plaintiff protectively filed an application for DIB, alleging disability as of September 28, 2010, due to the following conditions: "[b]ursae and tendon disorder of

shoulder, hand and wrist; tenosynovitis hand and wrist right side; shoulder region affections right side; bursae and tendon disorders right shoulder; dyslexia developmental; epilepsy; anxiety; depressive disorder; carpal tunnel right wrist; hypertension; [and] chronic liver disease non-alcoholic." Administrative Transcript ("T.") 16, 59-61. The claims were initially denied on February 19, 2014. T. 16. At Plaintiff's request, a video hearing was conducted on April 27, 2016, by administrative law judge ("ALJ") Paul F. Kelly. T. 16, 31-58. Plaintiff appeared in Buffalo New York, and the ALJ presided over the hearing from Albany, New York. *Id*. The ALJ issued an unfavorable decision on July 28, 2016. T. 13-26. Plaintiff appealed the decision to the Appeals Council, which denied his request for review on September 26, 2017, making the ALJ's decision the final determination of the Commissioner. T. 1-3. This action followed.

## **THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). The ALJ initially found that Plaintiff met the insured status requirements of the Act through December 31, 2015. T. 18. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from September 28, 2010, the alleged

onset date, through December 31, 2015, Plaintiff's date last insured. *Id*.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: status-post right shoulder surgery; status-post right carpal tunnel release surgery; tenosynovitis of the radial styloid; right hand and wrist tenosynovitis; and right shoulder bursa and tendon disorder. *Id*. The ALJ also determined that Plaintiff's medically determinable impairments of adjustment disorder, post-traumatic stress disorder, and major depressive disorder, did not cause significant work-related functional limitations and thus were non-severe. T. 19.

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. The ALJ specifically considered Listing 1.00. T. 21.

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), except that he: "has the ability to lift up to 20 pounds occasionally and lift and carry 10 pounds frequently; stand and walk for about 6 hours during a workday with normal breaks; sit for up to 6 hours during a workday with normal breaks; frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, and

crouch; never crawl; never reach overhead with the right upper extremity; never reach in other directions with the right upper extremity; never handle or finger with the right upper extremity; occasionally feel with the right upper extremity; must avoid concentrated exposure to unprotected heights and hazardous machinery; and is limited to simple, routine tasks." T. 21.

At step four, the ALJ concluded that, through the date last insured, Plaintiff was unable to perform any past relevant work. T. 24.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of ticket taker, surveillance system monitor, and usher. T. 25. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 26.

### SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence"

in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## **DISCUSSION**

Plaintiff contends that remand is warranted because: (1) the ALJ's step five finding was not supported by the vocational expert's testimony, because the RFC does not match the hypothetical questions posed to the vocational expert at the hearing; (2) the ALJ failed to weigh the January 2014 opinion of Dr. Ransom, a consultative examiner; (3) the ALJ failed to resolve the conflict between the vocational expert's testimony and the information contained in the DOT; and (4) the ALJ failed to properly develop the record as to Plaintiff's alleged illiteracy. *See* Docket No. 8-

1 at 20-28. For the reasons explained below, the Court finds that the ALJ erred by failing to adequately consider and weigh Dr. Ransom's opinion. This error requires remand to the Commissioner for further administrative proceedings.

## I. **The ALJ Failed to Weigh the Opinion of Dr. Ransom**, **and Remand is Required**

Plaintiff saw Dr. Ransom on January 31, 2014, for an Adult Psychiatric Evaluation. T. 734-37. Following the examination, Dr. Ransom found that Plaintiff showed "no evidence of difficulty following and understanding simple directions and instructions, perform[ing] simple tasks independently, maintain[ing] attention and concentration for simple tasks, maintain[ing] a simple regular schedule and learn[ing] simple new tasks." T. 736. However, Dr. Ransom opined that Plaintiff "would have mild difficulty performing complex tasks, relating adequately with others and appropriately dealing with stress." *Id*. Dr. Ransom found that these areas of difficulty were "secondary to posttraumatic stress disorder, currently mild," and "major depressive disorder, currently mild," and were consistent with Plaintiff's allegations and psychiatric difficulties, which would "mildly" interfere with his ability to function on a daily basis. *Id*. While the ALJ briefly discussed Dr. Ransom's examination and opinion at step two of the sequential analysis (*see* T. 19-20 (finding that Plaintiff had "mild limitations" in the functional areas of activities of daily living; social functioning; and concentration, persistence or

pace)), the ALJ failed to weigh Dr. Ransom's opinion, and he did not discuss the opinion when explaining how he arrived at the RFC.

In assessing a disability claim, an ALJ must consider and weigh the various medical opinions of record. The Commissioner's regulations provide that "[r]egardless of its source, [the ALJ] will evaluate every medical opinion [he] receive[s]." 20 C.F.R. § 404.1527(d). The failure to do so is an error warranting remand. *See, e.g., Wider v. Colvin,* 245 F. Supp. 3d 381, 388 (E.D.N.Y. 2017) ("ALJs are required to weigh and evaluate 'every medical opinion.'") (citation omitted); *Harvey v. Astrue*, No. 09-CV-00020 TJM, 2010 WL 4806985, at *4 (N.D.N.Y. Sept. 7, 2010) ("[T]he ALJ failed to evaluate, or even mention, Dr. Greenky's August 2007 opinion. . . . Indeed, the ALJ's discussion of Dr. Greenky's lengthy treatment history with Plaintiff consisted entirely of mentioning a few treatment notes in 2001. The ALJ's complete failure to evaluate Dr. Greenky's opinions amounts to error worthy of remand.") (internal citation omitted), *adopted*, 2010 WL 4791588 (N.D.N.Y. Nov. 18, 2010). Accordingly, the ALJ's failure to weigh Dr. Ransom's opinion in assessing Plaintiff's mental limitations is an error requiring remand.

Defendant argues that, even if the ALJ had weighed Dr. Ransom's opinion, it would not have changed the result because the ALJ determined that Plaintiff's mental impairments were non-severe. *See* Docket No. 14-1 at 21-22. The Court is cognizant that

the ALJ found that Plaintiff's mental impairments, including adjustment disorder, post-traumatic stress disorder, and major depressive disorder, were non-severe. *See* T. 19. However, this does not relieve the ALJ from considering Plaintiff's mental impairments when assessing the RFC. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) ("even if this Court concluded that substantial evidence supports the ALJ's finding that [the plaintiff's] mental impairment was nonsevere, it would still be necessary to remand this case for further consideration because the ALJ failed to account [the plaintiff's] mental limitations when determining her RFC. A RFC determination must account for limitations imposed by both severe and nonsevere impairments."); *Shelley v. Commissioner*, No. 1:18-cv-697-DB, 2019 WL 4805023, at *7 (W.D.N.Y. Oct. 1, 2019) ("To determine the RFC, the ALJ must consider all the relevant evidence, including medical opinions and facts, physical and mental abilities, non-severe impairments, and a claimant's subjective complaints."); *see also Brown v. Commissioner*, No. 3:16-CV-0941(WBC), 2017 WL 3034311, at *7 (N.D.N.Y. July 17, 2017) (ALJ erred in analysis of medical opinion evidence because she improperly discounted opinions because, among other reasons, they were based in part on impairments she deemed to be non-severe).

The ALJ clearly found that Plaintiff's mental impairments had some limitation on his functioning, as the RFC specifies that

Plaintiff is limited to "simple, routine tasks." *See* T. 21. Further, the ALJ discussed and weighed the opinion of consultative examiner Dr. Santarpia, who in June 2016 performed an Intelligence Evaluation and Psychiatric Evaluation, and completed a Medical Source Statement relating to Plaintiff's mental abilities. *See* T. 1027-39; *see also* T. 24 (discussing and weighing Dr. Santarpia's June 2016 opinion, and concluding that "[b]ased upon the claimant's testimony at [the] hearing, his work history, and findings during the consultative evaluation, . . . the claimant would be limited to simple, routine tasks. I have given significant weight to the opinion of Dr. Santarpia."). Defendant's argument relating to Plaintiff's mental impairments being "non-severe" does not explain why the RFC does not contain the additional limitations assessed by Dr. Ransom, *i.e.*, in relating with others and dealing with stress, or why the ALJ considered the opinion offered by Dr. Santarpia, but neglected to weigh Dr. Ransom's opinion.

Defendant also contends the ALJ's failure to identify the weight given to Dr. Ransom's opinion was "inconsequential" because the RFC finding is consistent with Dr. Ransom's opinion. *See* Docket No. 14-1 at 21. As noted above, Dr. Ransom opined that Plaintiff had limitations for performing complex tasks, relating adequately with others, and appropriately dealing with stress. T. 736. The RFC, which limits Plaintiff to "simple, routine tasks," accounts only for Plaintiff's limitation for performing

complex tasks.  The written determination does not explain how this limitation addresses Plaintiff's ability to relate adequately with others or appropriately deal with stress.

In resolving evidence, an ALJ is entitled to accept parts of a doctor's opinion and reject others.  *See Veino v. Barnhart*, 312 F.3d 578, 588-89 (2d Cir. 2002).  However, an ALJ may not credit some of a doctor's findings while ignoring other significant deficits that the doctor identified without providing some reasonable explanation.  *See Shaw v. Chater*, 221 F.3d 126, 135 (2d Cir. 2000) (finding error where the ALJ relied on part of a physician's opinion but rejected other portions without explanation); *see also Labonte v. Berryhill*, No. 16-CV-518-FPG, 2017 WL 1546477, at *3 (W.D.N.Y. May 1, 2017) ("when an ALJ adopts only portions of a medical opinion he or she must explain why the remaining portions were rejected.").  The written determination does not contain any explanation as to why the ALJ apparently did not accept the portions of Dr. Ransom's opinion assessing limitations for relating adequately with others or appropriately dealing with stress.  The ALJ's failure to explain his assessment of these portions of Dr. Ransom's opinion prevents the Court from meaningfully reviewing the decision, and warrants remand.  *See Marthe v. Colvin*, No. 6:15-cv-0643(MAT), 2016 WL 3514126, at *8 (W.D.N.Y. June 28, 2016) (the ALJ's failure to specify reasons for discounting a medical opinion prevented the Court from conducting

a meaningful review of the substantiality of the evidence supporting the ALJ's decision).

In sum, the opinion offered by Dr. Ransom, on its face, assessed limitations not included in the RFC. Without further explanation by the ALJ, the Court is unable to discern why he chose to discount those assessed limitations, and therefore whether the RFC is supported by substantial evidence. Accordingly, remand is required. On remand, the ALJ is directed to consider, discuss, and explicitly weigh Dr. Ransom's opinion. The ALJ should explain his reasoning for adopting or rejecting certain portions of Dr. Ransom's opinion, so that the Court may conduct a meaningful review of the decision.

## II. **Plaintiff's Remaining Arguments**

Finding remand necessary for the reasons explained above, the Court need not and does not reach Plaintiff's remaining arguments concerning any discrepancies between the vocational expert's testimony and the RFC, and the ALJ's failure to develop the record concerning Plaintiff's alleged illiteracy.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 8) is granted to the extent that the Commissioner's decision is reversed, and the matter is remanded for further proceedings consistent with this Decision and Order.

Defendant's motion for judgment on the pleadings (Docket No. 14) is denied.  The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

```
                                S/Michael A. Telesca
                                _____
                                HONORABLE MICHAEL A. TELESCA
                                United States District Judge
```

Dated:    October 30, 2019
          Rochester, New York